## Butts' Adm'r v. High Splint C. Co.

(Decided Feb. 28, 1936)

G. G. RAWLINGS for appellant.

TYE, SILER, GILLIS & SILER and T. E. MAHAN for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

On July 10, 1933, Harold Butts, a coal miner in the employee of appellee, met his death by the falling of a large piece of slate or rock from the roof of the mine in which he was working. The administator filed suit seeking damages to the extent of $10,000, and upon a hearing of appellant's proof the lower court directed the jury to return a verdict for defendant. The only question presented is the propriety of the court's action in so doing.

In the petition it is alleged that at the time Butts met his death he was working in room 5 off the air course in the main entry of the mine as a coal miner and carloader; that his duties were to remove coal taken from the pillars of the room, and while loading this coal and at a time when the pillar was being removed from the front of the room toward the back or next to the chain pillar, instead of working from the rear toward the front, a large piece of slate fell on him, causing his death. It is alleged that removing the coal in this manner was improper and caused the weight of the roof to be thrown too much on the pillar, and thus the slate was caused to fall. It is alleged, since deceased was engaged in pillar pulling or removing, which is more dangerous than ordinary mining, the defendant was required to exercise "special care and oversight by careful attention of the mine foreman and his assistants," but that the defendant failed to furnish such officers or employees.

Reiterating the allegations of the original petition, appellant, by amendment, charges that defendants knew of the dangerous position in which decedent had been placed, or could have known same in time to have prevented the injury to him; that the appellees had failed to furnish deceased with a reasonably safe place to work, and that the slate and other hard substance in the roof of said mine and working place in said room over said pillar was allowed to become dangerous and defective, and that as a result of such negligence the slate fell upon and killed deceased, he not knowing of the dangerous condition of the place where and at the time when he was working, and that he could not have known of the danger in time ot avert the injury. These pleadings were controverted sufficiently to present an issue. This case was pleaded, practiced, and proof offered on the theory that deceased was removing a pillar from the mine by improper method and manner of mining at the direction of the defendant.

It is difficult to embody here a concise description of the place where deceased was working at the time of the injury, due to the fact that no plat is filed. One seems to have been made, extemporaneously by one witness, but if so it is not made part of the record. In appellant's brief it is said that "the evidence discloses that the pillar on which deceased was working was about 100 feet long, and he was splitting this pillar from the front toward the rear and had gone about 40 to 80 feet at the time of his death." Appellee contends that deceased was not doing pillar work, but was working out a room in and through a solid block of coal.

Ed Cox had been working for the mine since 1931, and was known as the "cut boss." Deceased was under his supervision at the time of the accident. Butts was working on what is known as "the air course" of main entry in room 5. Charles Davis had worked it prior to the time Butts began working. The nature of his work was "room work." The room where deceased was working had been driven something like 100 feet from the entry. He describes the place where Butts was working as being a solid face of coal about 100 feet wide with a room on each side of about 35 feet. Butts was taking out a room or cut, of about

11 feet in width, and had driven the face something like 35 to 50 feet. He says the roof and the walls back from the entry to where Butts was working were in good shape. This witness had timbered the roof, putting in cross timbers 4x12 or 4x14, four feet apart. He also says he was in the place where Butts was working around nine o'clock in the morning of the accident. He testified that he was the one who put Butts in the place where he was working. When Cox went into the room at 9 o'clock and to the place where Butts was picking and loading, the coal had been shot. Somebody had placed a prop about six feet from the face of the coal, and this prop was in position when Butts was killed. This prop was correctly set, six or seven feet from the face in front of the car, and in such position as was required to permit the cutter to place his machine for further cutting.

In describing the slate or rock that fell on Butts, this witness said that it was six inches through, about three feet wide and perhaps six or seven feet long. It came from the top and was "just a pocket, a kind of scab and featheredged out, except on one side." This witness had made an inspection of this point when he was in there at 9 o'clock; he had taken Butt's pick and made soundings of the roof, and noted a clear, solid sound, whereas if there had been a looseness the sound would have been "dead or drummy." He also examined as closely as he could the roof over the point where the rock or slate fell and saw no dangerous signs, and said if there was rock or slate there it was over the cut of coal that had been last made. He also described what was being done at the time deceased was injured. He says some rooms had been worked out, but had, perhaps, filled with water and debris, but that there had been no robbing in this part of the mine; none on the entry where Butts was working, "it wasn't ready; the rooms had not been driven up." He says Butts was driving a room, "we were driving it narrow to get shut of some water." The room was only 11 feet in width, whereas the usual width of a room was 35 to 40 feet. He says, "We were taking 11 feet out of a 35 foot room; that is the room was 35 feet back to the point when the 11 foot cut had begun." The witness says deceased was cutting this 11 foot room and the coal to his right toward the heading was

30 feet of solid coal, and on his other side 60 feet of solid coal.

This witness saw no signs of "weight" on the morning Butts was killed. The coal had to be "shot" and could not be "picked" as is usual when there is weight or slipping. All witnesses who testify make it clear that at the place where deceased was at work there was no such condition present as would require any more than ordinary care on the part of the master. Not a witness suggests that the rock fell or might have fallen because of that condition, which is said to exist when the miner is removing pillars or stumps, which condition is so clearly described in Proctor Coal Co. v. Crabtree, 175 Ky. 213, 215, 194 S. W. 101.

The coal cutter who had worked the night before in cutting coal for deceased to pick and load, says that Butts was driving a room and was not doing pillar work. He says there was no sign of weight or crushing and that when he made the last cut the coal was hard and solid. Several of the witnesses expressed the opinion that the rock dropped of its own weight, and as far as the proof shows this appears to be what happened.

Appellant insists that there was enough testimony adduced to show that deceased was engaged in removing or splitting a pillar, and therefore the master owed a much higher degree of duty than it owed deceased if engaged in ordinary mining work, and appellee concedes this principle.

Appellant argues that because John Lee, who had been mine foreman in 1932 said, "the rooms had been worked out prior to the time Hal Butts was killed," the work that Butts was doing was robbing or splitting a pillar. However, this witness said, "I don't know a thing about the entry Hal was killed on."

L. C. Andrews says in his testimony that Butts was "splitting a pillar." This witness seems to have been guessing, since he showed little familiarity with the work deceased was doing. On cross-examination he says he was driving a room 12 feet wide into the coal.

However, when we take the testimony as a whole, it fails very materially in showing such a situation as

would require the appellee to exercise the high degree of care claimed, or such as is required under the statutes relating to pillar work. In fact there is a failure of proof regardless of the character or kind of work the deceased was engaged in, because the proof disclosed no proximate cause of the injury, further than the fact that the rock was found on deceased. There is a failure of proof showing any connection between anything the appellee did or did not do, or any failure on its part to observe, warn, or act, and the falling of the rock which killed deceased.

The court below properly sustained motion for a peremptory, and his judgment is so doing must be affirmed.

Judgment affirmed.